UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISON

---------------------------------------------------------------X

IN RE:

BERNADETTE EVADNEY BEARAM

Debtors.

---------------------------------------------------------------X

Chapter 7

CASE NO.: 19-43974-ESS

Judge: Hon. Elizabeth S. Stong

## **STATEMENT IN SUPPORT OF MOTION TO VACATE AUTOMATIC STAY**

Secured Creditor Crosby Capital USA, LLC ("Movant"), by its attorneys, Hasbani & Light, P.C., hereby moves this Court of an Order pursuant to 11 U.S.C. § 362(d), and respectfully states as follows:

### **Parties and Jurisdiction**

1. Bernadette Evadney Bearam (the "Debtor") filed a petition for relief under Chapter 7 of 11 U.S.C. Sections 101 et. seq. (the "Bankruptcy Code") on June 27, 2019. The bankruptcy filing commenced the above-captioned case and invoked the stay provisions of the Bankruptcy Code § 362(a).

2. This is a motion pursuant to Bankruptcy Code section 362(d) for relief from the automatic stay. This Court has jurisdiction over the bankruptcy case and this motion pursuant to 28 U.S.C. §§ 157 and 1334. This motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

### **Relief Requested**

3. On or about June 25, 2007, Herbert Bearam and Kwesi Bearam (collectively the "Borrowers") executed a note and mortgage in favor of Bank of America, N.A., in the original

principal sum of $565,000.00 (the "Indebtedness"). To secure the Indebtedness, Borrower and Small executed a mortgage against the property located at 452 Hart Street, Brooklyn, NY 11221 (the "Premises") that was recorded in the Office of the City Register of the City of New York on July 23, 2007 and as CRFN 2007000376689. The Debtor lists the Premises as her primary residence and has a possessory interest in the Premises. Copies of the loan documents are annexed hereto as **Exhibit A**.

4. The Debtor is not the borrower under terms of either the Note or the Mortgage secured by the Premises. Nonetheless, the Borrowers' account with the Movant was in default and was contractually due for the April 1, 2010 through July 1, 2019 payments. As Movant is not receiving ongoing monthly payments, relief is warranted pursuant to 11 U.S.C. § 362(d)(1).

5. At no time were arrears on the note and mortgage being cured through this bankruptcy proceeding, nor are the Premises necessary for an effective reorganization and Movant is not receiving adequate protection payments.

6. The payoff due to Movant at petition filing was approximately $1,021,119.22. The current market value of the property is approximately $985,000.00. A copy of the Buyer's Price Opinion is annexed hereto as **Exhibit B**.

7. Based upon the foregoing, Movant respectfully requests an Order granting relief from the automatic stay permitting Movant to proceed with its state court action.

Dated: New York, New York
      July 15, 2019

                                                                          */s/ Seth D. Weinberg*
                                                                          Seth D. Weinberg, Esq.