UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISON

-------------------------------------------------------------------X     Chapter 7
IN RE:

BERNADETTE EVADNEY BEARAM                                                CASE NO.: 19-43974-ESS

                                                                         Judge: Hon. Elizabeth S. Stong
Debtors.

-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Crosby Capital USA, LLC (the "Movant") submits the following memorandum of law in support of its motion for relief from the automatic stay to enforce its rights with respect to certain real property subject to a note and mortgage between debtor and Movant including, but not limited to selling the same and applying the proceeds to the obligation of the debtor to Movant. The account is in default and thus there exists a lack of adequate protection.

### STATEMENT OF FACTS

On or about June 25, 2007, Herbert Bearam and Kwesi Bearam (collectively the "Borrowers") executed a note and mortgage in favor of Bank of America, N.A., in the original principal sum of $565,000.00 secured by the property located at 452 Hart Street, Brooklyn, NY 11221 (the "Premises"). The Mortgage was recorded in the Office of the City Register of the City of New York on July 23, 2007 as CRFN 2007000376689. Crosby Capital USA, LLC is the owner and holder of the note.

### ARGUMENT

A. <u>Standards of Relief from the Automatic Stay</u>

The Bankruptcy Code at 11 U.S.C. § 362(d) provides for circumstances under which the court shall provide relief from the automatic stay. The grounds for relief are as follows:

1

> On request of a part in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling modifying or conditioning such stay--
>
> (1) for cause, including the lack of Adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) this section, if--
>
>> (A) the debtor does not have an equity in such property; and
>> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1) and (d)(2). Two initial points relating to the above sections of the Bankruptcy Code are that Section 362(d) is a mandatory, not permissive, provision and the grounds for relief from stay presented in subsection (1) and (2) are disjunctive. *In re Zeoli*, 249 B.R. 61 (Bankr. S.D.N.Y. 2000). "Thus if any on subsection applies, the Court must grant a motion for relief from automatic stay." *Id*. at 63.

B. Payment Default Constitutes Cause

A debtor's failure to make regular payments as they become due constitutes cause for relief from the automatic stay. *In re Lord*, 325 B.R.121, 129 (Bankr. S.D.N.Y. 2011); *In re Thomas*, 2017 WL 123746 (Bankr S.D.N.Y. January 5, 2017); *In re Kornhauser*, 184 B.R. 425 428 (Bk. Ct. S.D.N.Y. 1995). As provided in 11 U.S.C. § 362(d)(1), the court shall grant relief from the automatic stay "for cause, including lack of adequate protection of an interest in property." Due to the Debtor's default in post-petition payments, relief from the automatic stay should be granted under Bankruptcy Code § 362(d)(1). The debtor has failed to make payments resulting in a lack of adequate protection for Movant. Once cause exists is the debtor's burden to show that Movant's interest in the property is adequately protected. *See* 11 U.S.C. § 362(g); *In re Davenport*, 43 B.R. 103 (Bankr. S.D.N.Y. 1984). Failure to make payments is a default under the contract and

constitutes cause for termination of the stay to allow creditor to protect its interests in the depreciating property.

    C. <u>Property Unnecessary to Effective Reorganization</u>

As provided in 11 U.S.C. § 362(d)(2), relief from the automatic stay shall be granted if the Debtors have minimal equity in the property and the property would not contribute to the Debtors' effective reorganization. This motion demonstrates the validity of Movant's security interest and that there is insufficient equity beyond the Debtors' claimed homestead exemption to cover the cost of sale and fully satisfy Movant's lien or to provide adequate protection to Movant. As a result, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

<u>CONCLUSION</u>

For the forgoing reasons, Movant respectfully requests that the Court make and enter its Order terminating the automatic stay as to Movant with respect to the Property including but not limited to selling the same and applying the proceeds of sale to the obligations of debtor to Movant, and for such and further relief as the Court deems proper.

Dated: July 15, 2019
       New York, New York

                                            **HASBANI & LIGHT, P.C.**

                                            <u>*/s/ Seth D. Weinberg*</u>
                                            Seth D. Weinberg, Esq.
                                            *Counsel for Creditor Crosby Capital USA, LLC*
                                            450 Seventh Ave
                                            Suite 1408
                                            New York, New York 10123
                                            Tel: (646) 490-6677
                                            sweinberg@hasbanilight.com